Boardman, J.
The points taken by the learned counsel for the appellant will be considered in the order in which he has taken them.
*143 Objection is made to the finding that “at the date of the conveyance (Cheesbro to plaintiff), none of the lives upon which the lease rested were in being, the last fife having-expired in 1878.” The exception is based upon the insufficiency of the evidence to sustain it.
The plaintiff in his complaint alleges that the fives measuring said lease of 1816 were ended, and the same was terminated prior to October 1, 1880. His witness, Hunt, is examined by him upon that subject and testifies, as one must understand him, that the last of the three fives ended in 1878. Such being the allegations and evidence of the he is not at now to it.
But if we assume the evidence is wanting to show a termination of the lease of 1816, then the plaintiff’s case must fail, because with that lease presumptively in existence, the-plaintiff has suffered no wrong except the non-payment of its purchase-price. He agreed to sell it for a stipulated price and to assign it when the price was fully paid. He had his right of action at-law for so much of the money as was due. He had no equities because his condition was not affected by the conduct of Eamsdell and Dix. The new lease would then have been a nullity because, until the termination of the old lease Dix had no title to the land which he could lease. The whole theory of plaintiff’s cause of action is founded upon the termination of the old lease and the execution of a new lease to Eamsdell in October, 1880, of the same premises.
The court found “that no fiduciary relation existed between the parties in relation to either of the leases. This-finding of law is supported by the 2d, 5th and 8th findings of fact and the terms of the written contract between the parties, dated February 18, 1879. If the plaintiff had no. title or interest on that day to the premises, he could not transfer any interest by his contract, nor could the defendant Eamsdell acquire any interest from one who had noiie. It is difficult to see how a trust case can be created in favor of the plaintiff in respect to property or rights which he never possessed. But the contract imposes no character of trust and confidence upon the defendant. He agrees to pay plaintiff §800 for a lease thereafter to be assigned when such payment is made. If that contract was valid and binding the plaintiff had his right of action for the money as it became due. The defendant is not insolvent so far as appears. If the contract was so far void that an action could not be maintained at law for the money, with what propriety can equity be invoked to establish a void contract, to secure a debt which is in law no debt ? The plaintiff had the nominal title to the dead lease for five days. He was never in the actual possession of the premises so far as *144 appears. He had no right to the possession and could not give to the defendant a rightful possession because he had none to give. Never having had the title to the lease of 1816, while it was alive, he could not, by custom, or otherwise, have had any right to renewal, and hence, no renewal could be made to inure to his benefit. Assuming that the old lease expired in 1878, as is found by the court," that no fiduciary relations could have existed between the parties in respect to the lands described in the two leases, or in such leases.
There is no evidence which would justify a finding that Ramsdell procured the lease of October 1, 1880, by fraud. The eighth finding of fact negatives any claim of bad faith ■or dishonesty on the defendant’s part.
We concur in the views of the learned justice at September term, and to the assignability of the old lease in 1879; as to the effect of such attempted assignment; as to its tenants’ right of renewal and its application to the present case, and as to the equities of the parties to this action. We think the opinion in these respects is sound, and is sustained by the authorities cited therein.
But if we are correct in saying the plaintiff was never the ■owner of the old lease, before it expired, it would seem that these various legal questions were of trifling importance, because then the plaintiff never owned the old lease, never could assign or agree by valid contract to assign what did not exist, never had a- right of renewal by custom or otherwise of a lease which he never had or owned, and, as a final consequence, never had any right of action in equity •against the defendants for the acts lawfully done by them in the autumn of 1880.
The plaintiff has lost the benefit of a bargain made unless, he can enforce it by action at law. The defendant Rams-■dell, if he can escape such payment, has made a good purchase or lease of valuable property at a low rate. But we can find no reason for adjudging the plaintiff entitled to the aid of a court of equity in giving to him what he hoped ho obtain by his contract with Ramsdell.
We think the judgment should be affirmed, with costs.
Hardin, J., concurs, Follett, J., not sitting.